IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SATKAR HOSPITALITY INC., SHARAD K. DANI, and HARISH DANI, Plaintiffs, vs. COOK COUNTY BOARD OF REVIEW, LARRY ROGERS, JR., JOSEPH BERRIOS, BRENDAN F. HOULIHAN, SCOTT M. GUETZOW, JOHN P. SULLIVAN, THOMAS A. JACONETTY, FOX TELEVISIONS STATIONS, INC., FOX CHICAGO NEWS, NEWS CORP., ILLINOIS REVIEW, FRAN EATON, DENNIS G. LACOMB, DANE PLACKO, MARSHA BARTEL, CAROL FOWLER, PATRICK MULLEN, and FOX TELEVISION HOLDINGS, INC., Defendants. | Case No. 10 C 6682 |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Satkar Hospitality Inc. and its owners, Sharad Dani and Harish Dani (collectively Satkar) have sued the Cook County Board of Review and several of its personnel; the local Fox Television affiliate and persons and entities affiliated with it; and the Illinois Review and several persons affiliated with it. Satkar claims that the Board of Review defendants revoked Satkar's property tax reduction without providing due process and in violation of other constitutional prohibitions and that the Fox and Illinois Review defendants defamed Satkar and placed it in a false light. All of the defendants have filed motions to dismiss. In this decision, the Court considers the Fox defendants'

motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons stated below, the Court denies the motion.

## Facts

Satkar's claims arise from events surrounding the property tax assessment of a hotel in Schaumburg that Satkar owns and operates. Satkar alleges that when it appealed the hotel's 2007 assessment, the Board of Review lowered the assessment in a way that would have saved Satkar over $40,000 in property taxes. In 2009, Satkar alleges, the Fox defendants broadcast a story alleging that an Illinois state representative had engineered a successful Board of Review appeal for Satkar in return for large campaign contributions. The Illinois Review defendants ran similar stories. Satkar alleges that these stories were false and that the media defendants knew them to be false or published them in reckless disregard for whether they were true or false.

As a result of these stories, Satkar claims, the Board of Review precipitously and arbitrarily rescinded Satkar's assessment reduction. Satkar alleges that the Board acted contrary to constitutional due process requirements and also singled out Satkar in violation of the Equal Protection Clause and the First Amendment.

## Discussion

The Fox defendants contend that the Court lacks supplemental jurisdiction under 28 U.S.C. §1367(a) over the state law defamation and false light claims because the federal claims against the Board of Review defendants and the state law claims do not arise from a common nucleus of operative fact. They also contend that the Court should decline to exercise supplemental jurisdiction because the state law claims will

require the Court to consider novel issues of state law. Finally, they argue that even if the Court decides that subject matter jurisdiction is proper, it should dismiss the state law claims because Satkar has failed to identify the particular statements it claims were defamatory or that placed it in a false light.

**1.     Common nucleus**

On a motion to dismiss for lack of subject matter jurisdiction, "the district court must accept the complaint's well pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor." *United Transp. Union v. Gateway W. Ry.*, 78 F.3d 1208, 1210 (7th Cir. 1996). When jurisdiction is questioned, the plaintiff has the burden of establishing it exists. *Kontos v. United States Dept. of Labor*, 826 F.2d 573, 576 (7th Cir. 1987).

Satkar argues that the Court has jurisdiction over the claims against the Fox defendants under 28 U.S.C. § 1367. Under section 1367, when a district court has original jurisdiction over an action, the court has supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Two claims are part of the same case or controversy if they "derive from a common nucleus of operative facts. A loose factual connection between the claims is generally sufficient." *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995) (internal quotation marks omitted).

The necessary connection exists in this case. Satkar alleges that the Board of Review acted in direct response to the stories reported by the media defendants. It is

reasonably likely that the Board of Review defendants will cite the information reported by Fox as providing a legitimate basis to reopen the determination of Satkar's assessment. The factual basis for the contentions regarding Satkar's dealings with the state representative is likely to be at issue in the determination of both the constitutional claims against the Board of Review defendants and the claims against the media defendants. It is also likely that the discovery that the parties will conduct regarding Satkar's claims against the Board of Review defendants will overlap significantly with the discovery they will conduct on the defamation and false light claims. For these reasons, the Court concludes that the claims and defenses to the claims arise from a common nucleus of operative fact and that supplemental jurisdiction therefore exists over the state law claims against the Fox defendants.

**2.    Novelty of state law issues**

The Fox defendants next contend that the Court should decline to exercise supplemental jurisdiction over the state law claims because they intend to assert immunity from suit under the Illinois Citizen Participation Act (ICPA), 735 ILCS 110/15. Defendants rely on 28 U.S.C § 1367(c), which provides that a court may decline to exercise supplemental jurisdiction over a claim if, among other things, it "raises a novel or complex issue of State law," or "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(1) & (4). Defendants argue that the ICPA is a relatively new statute that has been applied only a handful of times by Illinois courts and that the Court should leave its construction to the state courts.

The ICPA is a so-called "anti-SLAPP" statute. "SLAPP" is an acronym for

"strategic lawsuits against public participation," a term coined to describe suits "that harass citizens for exercising constitutional rights, such as the right to petition the government." *Mund v. Brown*, 393 Ill. App. 3d 994, 995, 913 N.E.2d 1225, 1227 (2009); *see* 735 ILCS 110/5. In general terms, the ICPA establishes a procedure for dealing with a motion to dismiss in a SLAPP lawsuit promptly and before the conduct of discovery.[1]

The ICPA became effective on April 28, 2007. *See* 735 ILCS 110/99. There are several reported decisions in which Illinois state courts have addressed issues concerning the ICPA and its construction. *See Wright Dev. Group, LLC v. Walsh,* 238 Ill. 2d 620, 939 N.E.2d 389 (2010); *Helping Others Maintain Envtl. Stds. v. Bos*, ___ Ill. App. 3d ___, 941 N.E.2d 347 (2010); *Hytel Group, Inc. v. Butler*, 405 Ill. App. 3d 113, 938 N.E.2d 542 (2010); *Sandholm v. Kuecker*, 405 Ill. App. 3d 835, 942 N.E.2d 544 (2010); *Shoreline Towers Condo. Ass'n v. Gassman*, 404 Ill. App. 3d 1013, 936 N.E.2d 1198 (2010); *Nastav v. Phoenix Life Ins. Co.*, No. 07 C 4937, 2009 WL 3065209 (N.D. Ill. Sept. 23, 2009). Though the case law regarding the ICPA may not as expansive as in some other areas of the law, construction of the statute will not be a matter of first impression. The Court also notes that there is some possibility that defendants have forfeited the protections of the ICPA, assuming the statute applies to begin with, by failing to assert it as part of their motion to dismiss filed pursuant to Rule 12. *See* Fed. R. Civ. P. 12(g)(2) ("Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rules raising a defense

---

[1] The Court does not intend by this brief description to express any view regarding the merits of any motion that may be brought under the ICPA in this case.

or objection that was available to the party but omitted from its earlier motion.") Whether or not this is so, however, the Court does not believe that the application of the ICPA in this case is so novel that it presents an appropriate basis to decline jurisdiction over the state law claims under section 1367(c)(1) or (4).

3. **Sufficiency of plaintiffs' allegations**

The Fox defendants argue that even if the Court retains supplemental jurisdiction, it should dismiss Satkar's state law claims under Rule 12(b)(6). The defendants argue that Satkar has not identified the particular statements that it claims were defamatory or that placed it in a false light.

Under Federal Rule of Civil Procedure 8(a), a complaint "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *see also Ray v. City of Chicago*, 629 F.3d 660, 662 (7th Cir. 2011). "Specific facts are not necessary." *Erickson*, 551 U.S. at 93. In its recent decisions regarding the requirements for pleading a complaint in federal court, the Supreme Court "was not engaged in a *sub rosa* campaign to reinstate the old fact-pleading system called for by the Field Code or even more modern codes." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). In this regard, federal pleading continues to differ from Illinois pleading rules, which require a plaintiff to "set forth sufficient facts to satisfy each element of a claim." *See Heffernan v. Bass*, 467 F.3d 596, 599 (7th Cir. 2006).

A plaintiff claiming defamation must allege that the defendant made an unprivileged communication of a false statement to a third party that caused him harm.

*Lott v. Levitt,* 556 F.3d 564, 568 (7th Cir. 2009). Satkar alleges in its amended complaint that in the news stories that the Fox defendants broadcast and published, they reported that a state representative had "agreed to arrange a successful appeal of the Plaintiffs' property taxes in exchange for large campaign contributions – Fox News alleged that the Plaintiffs had bribed [the state representative]." Am. Compl. ¶29. By alleging that the Fox defendants made statements to the effect that Satkar participated in a bribery scheme by giving a state representative a campaign contribution in exchange for arranging a successful property tax appeal, Satkar has provided the Fox defendants with ample notice of what it contends was defamatory. The Fox defendants' contrary argument is unpersuasive.[2]

Under Illinois law, three elements are required to state a claim for the tort of false light invasion of privacy. A plaintiff must allege that the defendant placed the plaintiff in a false light before the public; this false light would be highly offensive to a reasonable person; and the defendant acted with knowledge that its statements were false or with reckless disregard for whether the statements were true or false. *See Kolegas v. Heftel Broadcasting Corp.*, 154 Ill. 2d 1, 17-18, 607 N.E.2d 201, 209-10 (1992).

Satkar has alleged everything that the law requires. Specifically, it alleges that it was placed in a false light when the Fox defendants falsely accused it of bribing a state representative to receive a tax break. It is rather obvious that a fact finder could determine that participation in a bribery scheme would be highly offensive to a reasonable person. Finally, Satkar has alleged that the defendants knew their

---

[2] It is unlikely that there will be a dispute over what was broadcast and reported. The Fox defendants included with their motion videos and transcripts of the broadcasts.

7

statements were false yet published them anyway. Am. Compl. ¶¶ 29, 101, 102. Satkar has adequately alleged a false light claim, and defendants are on fair notice of the basis for the claim.

## Conclusion

For the reasons stated above, the Court denies the Fox defendants' motion to dismiss [docket no. 21].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: April 4, 2011