IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SATKAR HOSPITALITY INC., ) | |
| SHARAD K. DANI, and HARISH DANI, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 10 C 6682 |
| ) | |
| COOK COUNTY BOARD OF REVIEW, ) | |
| FOX TELEVISION STATIONS, INC., ) | |
| FOX CHICAGO NEWS, NEWS CORP., ) | |
| ILLINOIS REVIEW, FRAN EATON, ) | |
| DENNIS G. LACOMB, DANE PLACKO, ) | |
| MARSHA BARTEL, CAROL FOWLER, ) | |
| PATRICK MULLEN, and FOX ) | |
| TELEVISION HOLDINGS, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiffs Satkar Hospitality, Inc. and its two principals (collectively, Satkar) have sued the local Fox Television station and several affiliates (the Fox defendants); the Illinois Review and several affiliates (the Illinois Review defendants); and the Cook County Board of Review. The Board of Review considers appeals of real estate valuations made by the Cook County Assessor for property tax purposes. Plaintiffs claim that the Fox and Illinois Review defendants defamed plaintiffs and placed them in a false light and that the Board revoked their property tax reduction without providing due process and in violation of other constitutional prohibitions.

All of the defendants previously filed motions to dismiss, which the Court has

ruled upon. *See Satkar Hospitality Inc. v. Cook County Bd. of Review*, No. 10 C 6682, 2011 WL 2011486 (N.D. Ill. May 20, 2011); *Satkar Hospitality Inc. v. Cook County Bd. of Review*, No. 10 C 6682, 2011 WL 1303227 (N.D. Ill. Apr. 4, 2011). In this decision, the Court considers a second motion to dismiss filed by the Fox defendants. For the reasons stated below, the Court denies the motion without prejudice to the Fox defendants asserting their arguments in a procedurally appropriate way.

**Background**

Satkar's claims arise from events surrounding the property tax assessment of a hotel in Schaumburg that Satkar owns and operates. Satkar alleges that when it appealed the hotel's 2007 assessment, the Board of Review lowered the assessment in a way that would have saved Satkar over $40,000 in property taxes. In 2009, Satkar alleges, the Fox defendants broadcast a story alleging that an Illinois state representative had engineered a successful Board of Review appeal for Satkar in return for large campaign contributions. The Illinois Review defendants ran similar stories. Satkar alleges that these stories were false and that the Fox and Illinois Review defendants knew them to be false or published them in reckless disregard for whether they were true or false. As a result of these stories, Satkar claims, the Board of Review precipitously and arbitrarily rescinded Satkar's assessment reduction.[1]

Satkar asserts state law defamation and "false light" claims against the Fox and Illinois Review defendants. Satkar also asserts claims under 42 U.S.C. § 1983 against the Board for violation of the Equal Protection and Due Process Clauses of the

---

[1] A more detailed recounting of the plaintiffs' allegations can be found in the Court's May 20, 2011 decision. *See Satkar Hospitality Inc.*, 2011 WL 2011486, at *1-2.

2

Fourteenth Amendment and the First Amendment.

## Discussion

**I.     Introduction**

As noted earlier, the Court denied a previous motion to dismiss filed by the Fox defendants. In that motion, filed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), the Fox defendants argued that the Court lacked or should decline supplemental jurisdiction over the state law claims. The Fox defendants also sought dismissal of the claims on the ground that Satkar had failed to identify the particular statements it claims were defamatory or that placed it in a false light.

The Court denied the Fox defendants' first motion to dismiss in a decision dated April 4, 2011. *Satkar Hospitality Inc. v. Cook County Bd. of Review*, No. 10 C 6682, 2011 WL 1303227 (N.D. Ill. Apr. 4, 2011). By operation of Federal Rule of Civil Procedure 12(a)(4), the Fox defendants were required to answer the complaint by no later than April 18, 2011.

Rather than answering the complaint, however, the Fox defendants filed a second motion to dismiss. In this motion, they argue that Satkar asserted its claims against them as a "strategic lawsuit against public participation" (SLAPP) and that Illinois's anti-SLAPP statute, the Illinois Citizen Participation Act (ICPA), 735 ILCS 110/1-99, requires dismissal of those claims.

In their motion, the Fox defendants also sought to defer filing of their answer. The Court did not address that request at the time the Fox defendants presented their motion in court. The Court now concludes that as a matter of federal procedure, the

Fox defendants' current motion to dismiss constitutes a prohibited second Rule 12(b) motion.  The Fox defendants may assert their ICPA arguments by some appropriate procedural vehicle other than a motion to dismiss, but they may do so only after answering the complaint as required by Rule 12(a)(4).

**II.     The ICPA**

The ICPA immunizes acts undertaken in "furtherance of the constitutional rights to petition, speech, association and participation in government . . . , regardless of intent or purpose, except when not genuinely aimed at procuring favorable government action, result, or outcome."  735 ILCS 110/15.  To prevail on a motion seeking dismissal under this provision, the Fox defendants must show that Satkar's complaint is "based on, relates to, or is in response to" defendants' acts "in furtherance" of the "rights of petition, speech, association, or to otherwise participate in government."  *Id.*

Section 20 of the ICPA sets forth the following "[m]otion procedure and standards":

> (a) On the filing of any motion as described in Section 15, a hearing and decision on the motion must occur within 90 days after notice of the motion is given to the respondent.  An appellate court shall expedite any appeal or other writ, whether interlocutory or not, from a trial court order denying that motion or from a trial court's failure to rule on that motion within 90 days after that trial court order or failure to rule.
>
> (b) Discovery shall be suspended pending a decision on the motion.  However, discovery may be taken, upon leave of court for good cause shown, on the issue of whether the movants acts are not immunized from, or are not in furtherance of acts immunized from, liability by this Act.
>
> (c) The court shall grant the motion and dismiss the judicial claim unless the court finds that the responding party has produced clear and convincing evidence that the acts of the moving party are not immunized from, or are not in furtherance of acts immunized from, liability by this Act.

4

The ICPA also provides that "[t]he court shall award a moving party who prevails in a motion under this Act reasonable attorney's fees and costs incurred in connection with the motion." 735 ILCS 110/25.

The ICPA is to be "construed liberally to effectuate its purposes and intent fully." 735 ILCS 110/35. The purpose of the statute is:

> to strike a balance between the rights of persons to file lawsuits for injury and the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government; to protect and encourage public participation in government to the maximum extent permitted by law; to establish an efficient process for identification and adjudication of SLAPPs; and to provide for attorney's fees and costs to prevailing movants.

735 ILCS 110/5.

### III. The effect of federal procedural requirements

Satkar argues that the Fox defendants may not assert an ICPA defense via a motion to dismiss because they failed to include the defense in their previous Rule 12(b) motion to dismiss. In support, they cite Federal Rules of Civil Procedure 12(g)(2) and 12(h)(1). The Fox defendants counter that Rules 12(g)(2) and 12(h)(1) do not govern motions to dismiss asserted under the ICPA in diversity actions. The ICPA, they contend, permits filing a motion to dismiss under its provisions at any time, irrespective of whether the movant has previously filed (and lost) a motion to dismiss.

A federal court exercising diversity jurisdiction generally applies state substantive law and federal procedural law. *See Hanna v. Plumer*, 380 U.S. 460, 465 (1965). However, "[w]hen state and federal practice differ, federal rules adopted under the Rules Enabling Act prevail." *Christensen v. County of Boone*, 483 F.3d 454, 465-66 (7th Cir. 2007) (citing *Hanna*, 380 U.S. 460; *Walker v. Armco Steel Corp.*, 446 U.S. 740

5

(1980)); see also *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1437 (2010) (stating that, if a federal rule "answers the question in dispute," "it governs . . . unless it exceeds statutory authorization or Congress's rulemaking power.").

The Court therefore considers whether Rule 12 controls whether the Fox defendants may properly assert an ICPA defense in a second motion to dismiss. Rule 12 sets forth procedures for asserting defenses and objections in response to a complaint. Rule 12(b) identifies six defenses that may be asserted via motion before a party files its responsive pleading,[2] including the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

Rules 12(g) and 12(h), in turn, provide for the joining of motions under Rule 12 and the waiver and preservation of certain Rule 12(b) defenses. *Id.* 12(g), (h). Subsection 12(g)(2) states that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion," subject to exceptions not applicable here. *Id.* 12(g)(2). Subsection 12(h)(1) provides that a party:

> waives any defense listed in Rule 12(b)(2)-(5) by:
> (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or
> (B) failing to either:
> (i) make it by motion under this rule; or
> (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

*Id.* 12(h)(1).

---

[2] The term "pleading" is defined in Rule 7(a) as including complaints, counterclaims, third party and cross claims, and answers to the same.

The general purpose of Rule 12 is "to expedite and simplify the pretrial phase of federal litigation while at the same time promoting the just disposition of civil cases." C. Wright & A. Miller, 5B Federal Practice and Procedure § 1342, at 23 (3d ed. 2004). Rules 12(g) and 12(h) serve "to eliminate the presentation of [Rule 12] defenses in a piecemeal fashion." *Uffner v. La Reunion Francaise, S.A.*, 244 F.3d 38, 41 (1st Cir. 2001) (citing *Pilgrim Badge & Label Corp. v. Barrios*, 857 F.2d 1, 3 (1st Cir. 1988) (per curiam)). "Thus, [s]ubdivision (g) contemplates the presentation of an omnibus pre-answer motion in which defendant advances every available Rule 12 defense and objection he may have that is assertable by motion." *Pilgrim Badge & Label Corp.*, 857 F.2d at 3 (citation and internal quotation marks omitted).

Satkar argues that the Fox defendants' ICPA motion to dismiss constitutes a second Rule 12(b) motion to dismiss prohibited under Rules 12(g)(2) and 12(h)(1). The Court agrees. A Rule 12(b)(6) motion to dismiss encompasses the denial of a remedy based on a substantive state law defense. *See Jarrard v. CDI Telecomms., Inc.*, 408 F.3d 905, 909 n.3 (7th Cir. 2005) ("If state substantive law has denied a plaintiff a remedy for his cause of action, the district court must dismiss the complaint for failure to state a claim upon which relief may be granted.") (quoting *Goetzke v. Ferro Corp.*, 280 F.3d 766, 779 (7th Cir. 2002)). The Fox defendants argue, and this Court agrees, that immunity under the ICPA is a substantive state law defense. *See, e.g.*, *Chi v. Loyola Univ. Med. Ctr.*, No. 10 C 6292, 2011 WL 2020865, at *8-9 (N.D. Ill. May 24, 2011). Assertion of the defense at this stage in the litigation falls squarely within the scope of Rule 12. Moreover, the Fox defendants' filing of successive motions to dismiss

frustrates Rule 12's aims of simplifying and expediting the adjudication of pre-trial motions.

The Fox defendants contend that a motion asserted under the ICPA is a "special motion to dismiss" not covered by Rule 12(b). The cases they cite, however, do not address the issue presented in this case. First, in *Godin v. Schencks*, 629 F.3d 79 (1st Cir. 2010), the First Circuit held that Rules 12 and 56 did not preclude a defendant from asserting a defense under Maine's anti-SLAPP law in federal court. *Id.* at 86. The First Circuit addressed only general conflicts between the Federal Rules and the procedures dictated by the anti-SLAPP law, stating:

> We do acknowledge the district court's concern about some differences in the mechanics, particularly as to the record on which the motion is evaluated. Whether the procedures outlined in Section 556 will in fact depart from those of Rule 12 and Rule 56 will depend on the particulars in a given case of the claim and defense. Some Section 556 motions, like Rule 12(b)(6) motions, will be resolved on the pleadings. In other cases, Section 556 will permit courts to look beyond the pleadings to affidavits and materials of record, as Rule 56 does. In this way, some Section 556 motions, depending on the particulars of a case, will be resolved just as summary judgment motions under Fed. R. Civ. P. 56 are.

*Id.* at 90 (footnote omitted). In this case, the issue before the Court is not whether the ICPA applies at all but whether assertion of an ICPA defense in a second motion to dismiss violates the procedural mandates of Rules 12(g)(2) and 12(h)(1).

The Fox defendants also cite a Ninth Circuit decision upholding a defendant's assertion of an anti-SLAPP defense in federal court against a challenge that the statute's procedures generally conflicted with Rules 8, 12, and 56. *See United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 972-73 (9th Cir. 1999); *see also Hilton v. Hallmark Cards*, 580 F.3d 874 (9th Cir. 2009); *Henry v. Lake*

*Charles Am. Press, L.L.C.*, 566 F.3d 164 (5th Cir. 2009) (referring throughout decision to an "Article 971 special motion to strike" brought under Louisiana's anti-SLAPP statute without reference to Rule 12). Again, however, none of the cited decisions addressed the particular question presented in this case.

The Court concludes that, under Rules 12(g)(2) and 12(h), defendants may not assert their ICPA defense via a motion to dismiss in lieu of filing an answer. They must answer the complaint, as Rule 12(a)(4) requires. After answering, the Fox defendants may assert their ICPA defense if they wish to do so, via an appropriate procedural vehicle.

## Conclusion

For the reasons stated above, the Court denies the Fox defendants' motion to dismiss [docket no. 102].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: June 2, 2011