# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6682 | **DATE** | 3/15/2012 |
| **CASE TITLE** | Satkar Hospitality, Inc., et al. vs. Cook County Bd. of Review, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court grants the WFLD and Illinois Review defendants' fee petitions in part and directs plaintiffs to pay the WFLD defendants $11,787.50 and the Illinois Review defendants $24,850.

■[ For further details see text below.]   Docketing to mail notices.

**STATEMENT**

The Court previously dismissed plaintiffs' defamation claims against certain defendants (the WFLD defendants and the Illinois Review defendants) pursuant to the Court's interpretation of the Illinois Citizen Participation Act (ICPA). The Court entered a final judgment in those defendants' favor pursuant to Federal Rule of Civil Procedure 54(b), and the judgment is on appeal. The WFLD and Illinois Review defendants have petitioned for an award of attorney's fees pursuant to a provision of the ICPA that states that the court "shall award a moving party who prevails in a motion under this Act reasonable attorney's fees and costs incurred in connection with the motion." 735 ILCS 110/25.

In light of an intervening decision by the Illinois Supreme Court that significantly narrowed the ICPA, *Sandholm v. Kuecker*, ___ Ill. 2d ___, ___ N.E.2d ___, 2012 WL 169708 (Ill. Jan. 20, 2012), the Court's dismissal ruling is very likely wrong. That, however, is matter for the Court of Appeals to decide at this point given the pendency of the appeal. For purposes of the present decision, the Court assumes that its earlier decision was correct. This means that a fee award is mandatory.

In addition to its reading of the substantive terms of the ICPA, *Sandholm* makes it clear that "any fees incurred which are not specifically connected to the motion to dismiss pursuant to the [ICPA] are not allowed" under section 25. *Id.* at *15. As a result of that ruling, the WFLD defendants revised their fee request downward (more on that in a bit). The current amounts requested are $49,472.32 by the WFLD defendants and $42,420.00 by the Illinois Review defendants.

The Court deals first with a threshold issue regarding the Illinois Review defendants. They were represented on a *pro bono* basis by a lawyer affiliated with the Thomas More Society, a not-for-profit organization. Plaintiffs argue that as a result, these defendants did not "incur" fees and thus are not entitled to a fee award under section 25. The Court rejects this argument. Illinois, like the federal courts, appears to follow the

**STATEMENT**

"market rate" approach in awarding statutory attorney's fees. This means that the prevailing party is entitled to a fee award at its attorney's market rate even if the attorney charged less, or nothing, in the particular case. *See Pitts v. Holt*, 304 Ill. App. 3d 871, 874, 710 N.E.2d 155, 157 (1999); *Verbaere v. Life Investors Ins. Co. of Am.*, 226 Ill. App. 3d 289, 301-02, 589 N.E.2d 753, 760 (1992). *See also Blum v. Stenson*, 465 U.S. 886, 894-95 (1984); *Moriarty v. Svec*, 233 F.3d 955, 966 (7th Cir. 2000). Plaintiffs do not otherwise challenge the rates sought by defendants' attorneys.

The second threshold issue involves the WFLD defendants' request for fees connected with work on the fee petition. The WFLD defendants originally sought to recover for 89.8 hours by one partner at $325 per hour, 17.8 hours by another partner at $300 per hour, 80.6 hours by an associate at $250 per hour, and 6.7 hours by paralegals at $100 per hour. The total, including a modest amount for out of pocket expenses, was $55,586.92. In their reply brief, they increased the amount to $64,849.82, to account for time spent working on the fee petition. After *Sandholm*, the WFLD defendants reduced their request by $15,377.50, to $49,472.32. They submitted an affidavit explaining that they were eliminating time connected with answering the complaint, doing factual investigation, and appearing at hearings before filing their "CPA motions." Evidently they still include the $9,262.90 spent working on the fee petition. The Court concludes that this time is not recoverable under section 25 given the narrow construction of that provision that *Sandholm* adopts (the WFLD defendants offer no Illinois authority supporting a fees-on-fees award in this context). So the actual starting point for the WFLD defendants is $49,472.32 minus $9,262.90, or $40,209.42.

It is undisputed that attorney time spent is not reasonable if it is excessive, redundant, or otherwise unnecessary. The party requesting fees has an obligation to establish the reasonableness of its request and to provide enough of an explanation of the basis for its request to permit review. *See Engel v. Loyfman*, 383 Ill. App. 3d 191, 193, 890N.E.2d 633, 635 (2008); *Kaiser v. MEPC Am. Props., Inc.*, 164 Ill. App. 3d 978, 983-84, 518 N.E.2d 424, 427 (1987). The WFLD defendants have not satisfied this obligation. They originally provided bills so heavily redacted that they were unintelligible, and though they eventually provided less-redacted bills, they have done nothing to try to accumulate or categorize the time spent on various tasks, instead leaving it to the Court to sort this out on its own. What the Court can determine is that the WFLD defendants have sought to recover attorney's fees not only for their successful motion (filed in mid-June 2011) but also for two earlier, unsuccessful efforts. Though the earlier work may have helped them in preparing the successful motion, the Court concludes that the earlier time on the unsuccessful motions is not properly compensable under section 25 and *Sandholm*. If one starts counting (as the Court was required to do) on June 3, 2011, the day after the second unsuccessful motion was denied, and stops just before September 21, 2011, the day the Court granted the successful motion, the WFLD defendants' attorneys billed about 41 hours of attorney time. At a blended rate of $287.50 per hour (the average of the $350 partner rate and the $250 associate rate), the total is $11,787.50. The Court finds that this is a reasonable amount of attorney time spent in connection with the successful motion to dismiss.

The Illinois Review defendants' attorney has requested time only in connection with the single ICPA-related motion that those defendants filed, as well as time on the fee petition. The latter, amounting only to $875, is excluded for the reasons previously described, making the starting point $41,545.00. Counsel's time records are quite sparse, perhaps due to his *pro bono* representation. They say that he spent 21 hours "research[ing] ICPA cases" before filing the motion; 38.7 hours drafting the motion and opening brief; 13 hours drafting a supporting affidavit and reviewing and revising the opening brief (there is no breakdown between these tasks); and 46 hours researching and drafting the reply brief. The total is 118.7 hours. The Court has again reviewed the Illinois Review defendants' motion and briefs, and has considered their counsel's explanation for the amount of time spent. The time is grossly excessive. Counsel attempts to attribute the large amount

**STATEMENT**

of time to the preparation of the affidavit, which is quite lengthy, but the breakdown the Court has provided reflects that this accounts for something less than 13 hours of the time requested, well under 10 percent of the total. The Court agrees with counsel that "concision is a virtue, not a fault" and that it takes more time to prepare a concise brief than a wordy one, but even taking that into account the time requested is quite unreasonable. Each of the entries for legal research says, "Research ICPA cases," and given the lack of elaboration the Court must take counsel at his word that this involved researching and reading *ICPA* cases, not cases under other laws. Given the relative paucity of Illinois authority under the ICPA at the time, this could not reasonably have taken 21 hours; all of them could have been located, read, and reviewed thoroughly, in one-fourth of that time at most. The issues raised in the brief were not complicated, meaning that there is no reasonable basis for nearly 39 hours preparing it. Though plaintiffs raised additional issues in their response, arguably requiring more time for the reply than the opening brief, it is hard to imagine what took 46 hours here, and counsel makes no attempt to explain it (nor do his contemporaneous records do so). Given these factors and the sparse documentation for the fee request, the Court believes it is appropriate to reduce it by a percentage and reduces it by 40 percent, to 71 hours. At the requested hourly rate of $350, the total awarded is $24,850.

For these reasons, the Court grants the WFLD and Illinois Review defendants' fee petitions in part and directs plaintiffs to pay the WFLD defendants $11,787.50 and the Illinois Review defendants $24,850.